## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CLYDE O'NEAL PARKER, | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| v. | ] | **Case No.:  5:07-CV-1011-VEH** |
| | ] | |
| LAWRENCE COUNTY, | ] | |
| ALABAMA, et al., | ] | |
| | ] | |
| **Defendants.** | ] | |

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

Plaintiff Clyde O'Neal Parker ("Parker") initiated this case  (Doc. #1) on May 31, 2007, against several different defendants, including Lawrence County, Alabama (the "County").  Parker filed a first amended complaint (Doc. #20) on July 27, 2007.

The lawsuit stems from alleged inadequate medical care that Parker received while incarcerated in the County's jail.  (Doc. #20 ¶ 1).  The court has before it the County's Motion to Dismiss (Doc. #10) filed on June 20, 2007, and Parker's opposition (Doc. #16) filed on July 20, 2007.  The court held a hearing in this case on August 7, 2007, beginning at 1:30 p.m.  As discussed below, the County's Motion to Dismiss is due to be and is **HEREBY DENIED**.

## II.    STANDARD ON MOTION TO DISMISS

"In an ordinary civil action, the Federal Rules of Civil Procedure require only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507 (2007) (quoting Fed. Rule Civ. Proc. 8(a)(2)). "Although the rule encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs*, 127 S. Ct. at 2507 (citing *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation marks omitted)).

Dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  A motion to dismiss under 12(b)(6) should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1964-65. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* (quoting *Papasan v.*

*Allain*, 478 U.S. 265, 286 (1986)).   However, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."   *Bell Atlantic*, 127 S. Ct. at 1969.

## III.   ANALYSIS

Parker has filed suit under 42 U.S.C. § 1983 asserting violations of his Fourteenth Amendment rights due to a deliberate indifference to his medical needs. (Doc. #20 ¶ 1 ("Specifically, defendants were deliberately indifferent to Parker's serious medical needs in violation of his rights as a pretrial detainee under the Fourteenth Amendment.")).   More particularly, as it relates to the County, Parker complains that it "intentionally refused to adequately fund medical care as described above with deliberate indifference to the serious medical needs of inmates such as plaintiff, had a policy of not adequately funding inmate medical care, and did thereby contribute to cause plaintiff's injuries and the individual defendants' denial of necessary medical treatment for plaintiff's serious medical need."   (*Id.* ¶ 45).

The County generally maintains in its Motion to Dismiss that, as a matter of law, no constitutional claim for deliberate indifference may lie against it because the scope of its duty as to medical care for prisoners is limited to funding any medical costs after they have been ordered by the sheriff or jailer to be provided to the person held in confinement.   *See* Ala. Code § 14-6-20 ("Necessary clothing and bedding

must be furnished by the sheriff or jailer, at the expense of the county, to those prisoners who are unable to provide them for themselves, and also necessary medicines and medical attention to those who are sick or injured, when they are unable to provide them for themselves.").

While the County acknowledges that it has the power to retain a doctor for the purpose of inmate medical care, it points out that the applicable provision is permissive in nature, that no legal obligation to appoint a county doctor exists under Alabama law, and that electing to retroactively pay for medical services rendered on behalf of prisoners is a viable statutory option. *See* Ala. Code § 14-6-19(a) ("The county commission in each county in this state may elect a physician, or as many physicians as in its discretion may be necessary, to attend the inmates of the jails in such counties and county convict camps."). Relatedly, the County argues that to the extent a deficiency in the  medical care provided to inmates exists, the sheriff (or jailer) is the sole appropriate party against whom to assert any such allegations of constitutional liability.

Parker counters that the County's duty is greater than just  a pure funding one and that he may state an inadequate medical care funding policy, relying upon *Gaines v. Choctaw County Commission*, 242 F. Supp. 2d 1153, 1163 (S.D. Ala. 2003) ("The remainder of plaintiffs' theories-deliberate indifference to serious medical needs

arising from failure to fund medical care, failure to hire a jail physician and failure to provide adequate funding for jail staff to meet the medical needs of inmates-state a claim, in theory, under § 1983."); *id.*, 242 F. Supp. 2d at 1163 ("[T]he County does not have a duty to appoint a physician, merely the authority to do so.  Even so, since the County has authority to act, its failure to do so could be construed as a County policy.") (citing *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1287 (11th Cir. 1998)); *see also Williams v. Limestone County*, 3:04-CV-02495-IPJ, Doc. #9 at 6-7 (entered on Jan. 19, 2005) (relying on *Gaines* and declining to dismiss plaintiff's § 1983 claims based upon "the County's failure to provide adequate funding for the medical needs of inmates and the County's failure to provide funding to staff the jail adequately to attend to the medical needs of inmates").

At the hearing, the court inquired whether the County knew of any case in which a motion to dismiss an inadequate medical care funding policy claim had been granted.  Counsel referred the court to *Kelly v. Owen*, No. 2:05cv1150-MHT, 2006 WL 3421257 (M.D. Ala. Nov. 28, 2006).  However, the *Kelly* decision turns upon the plaintiff's efforts to impose vicarious liability against a county based upon allegedly deficient jail conditions and does not squarely address the failure to adequately fund policy theory at issue in this case.  *See id.*, at *5  ("To the extent such claims are premised on a theory of vicarious liability, he cannot.").  Indeed, counsel for the

County conceded at the hearing that, in his first amended complaint, Parker has cured any of the previously existing pleading deficiencies that the *Kell*y opinion reasoned required a dismissal of that case.

As a result, the court is left with two (2) district court decisions upholding the right to state a claim against a county for the alleged policy of inadequate medical care funding and no opinions within this circuit that have granted a motion to dismiss similar to that filed by the County.  Additionally, the court has located an Eleventh Circuit decision, *Gary v. Modena*, No. 05-16973, 2006 WL 3741364 (Dec. 21, 2006),[1] which while originating out of Georgia, still gives useful guidance on the issue of whether Parker has stated a viable claim against the County.

In *Modena*, the Eleventh Circuit explained the potentiality of an inadequate medical care policy claim against a county:

> Given that county governments have a statutory obligation to provide inmates in county jails with access to medical care, Bibb County cannot avoid liability under § 1983 simply by arguing that the Sheriff is subject to the exclusive control of the state.  If Gary could show that Bibb County implemented a policy which promoted deliberate indifference to the medical care of inmates, and that the policy caused Butts['] death, she could hold the County liable, and we stress the word "if."  Gary has failed to articulate a County policy that promoted

---

[1]As of August 15, 2007, Westlaw reflected an issuance date for this decision of November 21, 2006, while the copy of the unpublished slip opinion accessible on the Eleventh Circuit website (www.ca11.uscourts.gov) showed a stamped filed date of December 21, 2006, instead.

> deliberate indifference, and as we have noted previously, she has not
> provided any evidence from which we could infer that Deputy Hilliard
> failed to note an obviously serious medical condition on Butts'
> screening form and that this omission led to Butts' death. Accordingly,
> we affirm the district court's decision to award Bibb County summary
> judgment.

*Modena*, 2006 WL 3741364, *11 (internal citation omitted). Additionally, the court

is persuaded by the district court decisions cited previously which found a potential

duty to fund medical care beyond that of merely paying bills received from third-party

medical care providers. Therefore, the court determines that the County has failed to

meet its burden of demonstrating that Parker has not stated a plausible constitutional

claim against it.

## IV.   CONCLUSION

For the reasons stated above, the County's Motion to Dismiss is **DENIED**.

The County is therefore **ORDERED** to file a responsive pleading to Parker's first

amended complaint within eleven (11) days from the entry date of this order.

**DONE** and **ORDERED** this 15th day of August, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

7