## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CLYDE O'NEAL PARKER, | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| v. | ] | **Case No.: 5:07-CV-1011-VEH** |
| | ] | |
| LAWRENCE COUNTY, | ] | |
| ALABAMA, et al., | ] | |
| | ] | |
| **Defendants.** | ] | |

### MEMORANDUM OPINION AND ORDER

## I.      INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Clyde O'Neal Parker ("Parker") initiated this case  (Doc. #1) on May 31, 2007, against several different defendants, including Lawrence County, Alabama (the "County").  Parker filed a first amended complaint (Doc. #20) on July 27, 2007. On December 20, 2007, Parker filed a second amended complaint.  (Doc. #36).

The lawsuit stems from the alleged inadequate medical care that Parker received while incarcerated in the County's jail, due to his alcoholism and related withdrawal symptoms.  (Doc. #36 ¶¶ 1, 20).  The court has before it the Motion to Dismiss (Doc. #46) filed by Defendants Melanie Donaldson, Roger Luallen, Jerry Dutton, Seth Hazen, Jerome Reed, and Blake Robinson on January 28, 2008.  Each one of these defendants, which Parker has sued in an individual capacity only, was

added as a part of Parker's second amended complaint. (*Compare* Docs. #1, #20 *with*

Doc. #36).  These newly added defendants all seek dismissal on the grounds of

qualified immunity.

Despite the requirements of Exhibit B (Doc. #14) entered on June 21, 2007,

Parker has never filed a response to the Motion to Dismiss.  Exhibit B expressly states

that "[a]ny non-summary judgment motions filed after the entry of this order **SHALL**

comply with the provisions of Exhibit B without further order from the court." (Doc.

#14 at 1).  Exhibit B gives a non-moving party eleven (11) days to oppose a non-

summary judgment  motion.  Therefore, the Motion to Dismiss is under submission

without any opposition  by Parker.  Moreover, in the absence of any opposition from

Parker and for good cause shown as discussed below, Defendants' Motion to Dismiss

is due to be and is **HEREBY GRANTED**.[1]

---

[1]The court notes that in their Motion to Dismiss, Defendants also request oral argument.  (Doc. #46 ¶ 4).  Parker has not made such a request.  Given the court's substantive ruling in favor of Defendants and the fact that the court has no questions for the parties, scheduling the case for oral argument is not necessary.  Accordingly, that particular portion of Defendants' Motion to Dismiss is **DENIED**.  The court further recognizes that in their prayer for relief, Defendants seek an award of "costs and attorneys' fees pursuant to 42 U.S.C. § 1988." (Doc. #46 at 2).  This same boilerplate request is stated at the end of their brief.  (Doc. #47 at 11).  The record is otherwise silent on the issue.  In the absence of Defendants' actively substantiating why they should be entitled to recover costs and attorneys' fees from Parker pursuant to § 1988, the court, in its discretion, is not inclined to grant the relief.  *See* Section II.C., *infra* (effect of attorney's failure to formulate argument).  Therefore, that specific part of Defendants' Motion to Dismiss is also **DENIED**.

## II.   APPLICABLE STANDARDS

### A.   Motion to Dismiss

"In an ordinary civil action, the Federal Rules of Civil Procedure require only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507 (2007) (quoting Fed. Rule Civ. Proc. 8(a)(2)). "Although the rule encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs*, 127 S. Ct. at 2507 (citing *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation marks omitted)).

Dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  A motion to dismiss under 12(b)(6) should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1964-65. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do[.]" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   However, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic*, 127 S. Ct. at 1969.

### B.   Qualified Immunity

Qualified immunity may be claimed by an individual defendant who is being sued personally for actions that he or she took while acting under color of state law. *Harlow v. Fitzgerald,* 457 U.S. 800, 815, 102 S. Ct. 2727, 2736, 73 L. Ed. 2d 396 (1982).   Qualified immunity is a question of law to be decided by the court prior to trial.   It is designed to allow officials who are entitled to qualified immunity to avoid the expense and disruption of going to trial, and is not merely a defense to liability. *Ansley v. Heinrich,* 925 F.2d 1339, 1345 (11th Cir. 1991).

The Supreme Court has referred to the qualified immunity analysis as the "objective-reasonableness" test.  *Harlow,* 457 U.S. at 815-19, 102 S. Ct. at 2736-39. Under this test, public officials performing discretionary functions which would objectively appear to be within the official's authority have qualified immunity if the challenged conduct did not violate a clearly established constitutional right of which a reasonable person would have known, given the circumstances and information possessed by the official at the time of the conduct. *Id.* at 818, 102 S. Ct. at 2738.

4

The objective-reasonableness test is a two-part analysis.  First, the defendant public official must prove that he was performing duties within the scope of his discretionary authority when the alleged violation occurred.  *Hutton v. Strickland,* 919 F.2d 1531, 1537 (11th Cir. 1990) (citations omitted).  A government official may prove that he was acting within the scope of his authority by showing facts and circumstances that would indicate that his actions were part of his normal job duties and were taken in accordance with those duties.  *Rich v. Dollar,* 841 F.2d 1558, 1564 (11th Cir. 1988);  *Cronen v. Texas Dep't of Human Services,* 977 F.2d 934, 939 (5th Cir. 1992) ("An official acts within his discretionary authority when he performs non-ministerial acts within the boundaries of his official capacity.").

Once the defendant proves that he was acting within his discretionary authority, the burden then shifts to the plaintiff to prove that the defendant did not act in good faith.  *Hutton,* 919 F.2d at 1537.  The plaintiff may meet this burden by establishing that "the defendant public official's actions 'violated clearly established constitutional law.'"  *Id.* (citations omitted).  The second prong of the objective-reasonableness test has two sub-parts.  *Id.* at 1538.  First, the court must find that the constitutional law in question was clearly established when the alleged violation occurred.  *Id.*  Second, the court must find that "there is a genuine issue of fact regarding the government official's engaging in conduct violative of the clearly established law."  *Id.*

5

"Clearly established" means that "[t]he contours of the [violated] right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987). This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent. *Id.* (citations omitted). Under this standard, qualified immunity is available to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S. Ct. 1092, 1096, 89 L. Ed. 2d 271 (1986).

To defeat a qualified immunity defense, the plaintiff bears the burden of showing that the "legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, . . . the law clearly proscribed the actions the defendant took." *Barts v. Joyner,* 865 F.2d 1187, 1190 (11th Cir. 1989), *cert. denied,* 493 U.S. 831, 110 S. Ct. 101, 107 L. Ed. 2d 65 (1989) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 528, 105 S. Ct. 2806, 2816, 86 L. Ed. 2d 411 (1985)). In determining whether the plaintiff meets this burden, the court is guided by the Eleventh Circuit's direction in *Nicholson v. Georgia Dep't of Human Resources,* 918 F.2d 145 (11th Cir. 1990):

In satisfying this burden, the plaintiff cannot point to sweeping

propositions of law and simply posit that those propositions are applicable. Instead, the plaintiff must draw the court's attention toward a more particularized and fact-specific inquiry. Under this inquiry, the plaintiff need not point to one or more cases that resolved the precise factual issues at issue in his or her case. '[A]lthough the standard is fact-specific, it is not one of factual rigidity.' Rather, the plaintiff need only show that there existed sufficient case law establishing the contours of his or her constitutional rights such that the unlawfulness of the defendant's conduct would have been apparent to a reasonable official in the same circumstances and possessing the same knowledge as the defendant.

*Id.* at 147 (citations omitted).

If the plaintiff satisfies his initial burden and shows that the rights that defendants' conduct allegedly violated were clearly established at the time of defendants' conduct, the court must then determine whether the plaintiff has adduced evidence sufficient to create a genuine issue of fact as to whether defendants actually engaged in conduct that violated clearly established law. *Rich,* 841 F.2d at 1564; *see also Stewart v. Baldwin County Bd. of Educ.,* 908 F.2d 1499, 1503 (11th Cir. 1990). In this undertaking, the court must draw all inferences of fact in favor of the plaintiff when the plaintiff is the party opposing the motion. *Stewart,* 908 F.2d at 1503.

Furthermore, a plaintiff cannot merely rely on notice pleading in a § 1983 case involving qualified immunity. A plaintiff's pleading standard is "heightened" when § 1983 claims are made against government officials in their individual capacities. *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir.

7

1998) ("Accordingly, when reviewing a district court's disposition of a motion to dismiss a § 1983 claim on qualified immunity grounds, we are guided both by the regular 12(b)(6) standard and by the heightened pleading requirement"). It is, therefore, Parker's burden to allege sufficient specific supporting facts or face dismissal of his claims. *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc); *South Florida Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996).

## C.   Parker's Failure to Oppose

Parker's failure to file any opposition to Defendants' Motion to Dismiss is not without significant repercussions.  As explained by Judge Steele in *Williams v. Quality Filters, Inc.*, No. 07-0015-WS-B, 2007 WL 4219201, *1 (S.D. Ala. Nov. 27, 2007):

> Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ( "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for

8

the court to manufacture arguments on Plaintiff's behalf."). Accordingly, plaintiff's decision not to respond to the Motion is at her peril.

*Williams*, 2007 WL 4219201, *1.

## III.   ANALYSIS

Parker has filed suit under 42 U.S.C. § 1983 asserting violations of his Fourteenth Amendment rights due to a deliberate indifference to his medical needs. (Doc. #36 ¶ 1 ("Specifically, defendants were deliberately indifferent to Parker's serious medical needs in violation of his rights as a pretrial detainee under the Fourteenth Amendment.")).  Under the defense of qualified immunity, the court must determine whether the newly added Defendants acted in a way that was clearly unconstitutional.  In other words, the court must here decide if Parker's second amended complaint sufficiently alleges facts which, if true, could establish that Defendants violated clearly established law.  The court concludes that Parker has not.

### A.   Discretionary Capacity

Applying the objective standard set forth above, Defendants Melanie Donaldson, Roger Luallen, Jerry Dutton, Seth Hazen, Jerome Reed, and Blake Robinson, have all established that they acted within their discretionary authority. More particularly, it is only by virtue of their alleged positions as jailers that Defendants Roger Luallen, Jerry Dutton, Seth Hazen, Jerome Reed, and Blake

9

Robinson (the "Jailer Defendants") had any authority to supervise inmates. (Doc. #36 ¶¶ 12, 14-17). Similarly, Defendant Melanie Donaldson ("Lt. Donaldson") is alleged to have been a lieutenant with the sheriff's department (*id.* ¶ 11), and in this capacity allegedly would have been spoken to by Parker's family about his medical condition. Therefore, based upon these allegations, Defendants undoubtedly have met the hurdle of demonstrating that they acted within the scope of their discretionary authority.

### B.    Deliberate Indifference

As the Eleventh Circuit recently summarized the burdens relating to the standard governing deliberate indifference to a prisoner's medical needs:

> In order to prove deliberate indifference a prisoner must shoulder three burdens. First, she must satisfy the objective component by showing that she had a serious medical need. *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005) (per curiam). Second, she must satisfy the subjective component by showing that the prison official acted with deliberate indifference to her serious medical need. *Id.* Third, as with any tort claim, she must show that the injury was caused by the defendant's wrongful conduct. *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

*Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007).

Parker's second amended complaint includes no specific allegations about the Jailer Defendants and very limited allegations about Lt. Donaldson. Moreover, the specific allegations pertaining to Lt. Donaldson (namely that "Parker's family members, including his wife and his daughter, informed [her and others] regarding

10

Parker's medical situation" (Doc. #36 ¶ 25)), do not contend that she had any responsibilities or authority with respect to the jail or the care of inmates, such as Parker.  (Doc. #37 ¶ 11 ("Melanie Donaldson was a Lieutenant with the Lawrence County Sheriff's Department.")).  In the absence of  any allegations showing the exercise of duties with respect to the jail generally and Parker specifically, Lt. Donaldson could not have constitutionally disregarded Parker's serious medical needs.

Moreover, while the second amended complaint contains a number of general allegations about "Defendants" collectively, such pleading is insufficient under the Eleventh Circuit's pronouncement under *GJR*:  "Some factual detail in the pleadings is necessary . . . in cases involving qualified immunity, where [the court] must determine whether a defendant's actions violated a clearly established right." *Id.*, 132 F.3d at 1367.  As one district court has summarized the heightened pleading standard in conjunction with a repleading of § 1983 claims under Rule 8:

> Plaintiffs must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiffs to merely list constitutional rights or federal rights and/or statutes. Plaintiffs must provide support in the statement of facts for the claimed violations.  Further, in the body of the Amended Complaint, Plaintiffs should clearly describe *how each named defendant* is involved in the alleged claim. Plaintiffs must provide support in the statement of facts for the claimed violations.

11

*Trimble v. Upton*, No. 2:06-CV-8-FTM-99DNF, 2006 WL 2398774, *4 (M.D. Fla. Aug. 18, 2006).   Accordingly, as "guided both by the regular 12(b)(6) standard and by the heightened pleading requirement[,]" Parker's claims against Defendants are due to be dismissed for failing to allege facts which establish a deliberate indifference on the part of these Defendants to Parker's serious medical needs.  *GJR*, 132 F.3d at 1367 (citation omitted).

### C.    Clearly Established Law and Fair Warning

Additionally, Defendants' Motion to Dismiss is due to be granted because Parker cannot show that clearly established law provided them with fair warning that their conduct was illegal.  This fair warning requirement is met through either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision is specific enough to demonstrate the conduct was illegal, even in the total absence of case law.  *Storck v. City of Coral Springs*, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted).  Parker is unable to meet either prong.

The allegations of the second amended complaint relating to these particular Defendants fall far short of showing apparent unlawfulness under the deliberate indifference to medical needs standard.  *See Willingham v. Loughnan*, 321 F.3d 1299, 1301 (11th Cir. 2003) ("The unlawfulness must have been apparent. . . . [whether

12

through on point binding authority] or a general constitutional rule already identified in the decisional law[.]") (citing *Anderson*, 483 U.S. 635, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523).  Regarding the first alternative, Parker has not provided  the court with <u>any</u> argument or authority, much less any materially similar controlling case authority, establishing the unlawfulness of Defendants' actions.

Concerning the second method, this is not an "obvious clarity" case with respect to these Defendants. *Vinyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted).  More specifically, the paucity of any specific contentions about these Defendants and what they purportedly did or failed to do, makes it impossible to decipher whether their actions constitute obviously wrong conduct.[2]  *Storck*, 354 F.3d at 1318 (citation omitted).  Accordingly, Defendants' Motion to Dismiss is alternatively due to be dismissed due to Parker's failure to meet the clearly established law/fair warning requirement to the qualified immunity defense.

## IV.   CONCLUSION

Therefore, for the reasons stated above, the Motion to Dismiss is **GRANTED** and all of Parker's claims against Defendants Melanie Donaldson, Roger Luallen,

---

[2]Additionally, as it pertains to Lt. Donaldson, none of Parker's allegations maintain that she ever acted as a "prison official."  In light of this omission, she cannot have violated clearly established law with respect to a deliberate indifference to Parker's medical needs, which standard by definition applies expressly to prison officials.

Jerry Dutton, Seth Hazen, Jerome Reed, and Blake Robinson are **HEREBY**

**DISMISSED WITH PREJUDICE**.

      **DONE** and **ORDERED** this 26th day of February, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

14